IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT

For its answer to the plaintiff's Amended Complaint, defendant, the United States, admits, denies and alleges as follows:

1. The allegations contained in Paragraph 1 constitute legal conclusions and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits the allegations contained in Paragraph 3 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 3.

First Claim for Relief

4. Admits the allegations contained in Paragraph 4 to the extent supported by the cited contracting officer's decision, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 4.

5. Admits the allegation contained in Paragraph 5 that the Air Force denied plaintiff's

claim for $191,384.29; denies the allegation contained in Paragraph 5 that such denial was not justified.

6. The allegations contained in Paragraph 6 constitute legal conclusions and plaintiff's characterization of its own case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies. Avers that, on or about February 28, 2001, the Government afforded all interested bidders an pre-bid site visit opportunity of which plaintiff failed to take advantage.

8. The allegations contained in Paragraph 8 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Plaintiff's Second Claim for Relief

9. The allegations contained in Paragraph 9 constitute legal conclusions and plaintiff's characterization of its own case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in Paragraph 10 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 10.

11. Admits the allegations contained in Paragraph 11 to the extent supported by plaintiff's February 13, 2004, letter to Contracting Officer Carroll M. Vye, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 11.

12. Denies the allegation contained in Paragraph 12 that the contracting officer has refused to act; admits the allegation contained in Paragraph 12 that the contracting officer did not

issue a decision denying plaintiff's remaining claims; avers that the contracting officer has attempted to resolve the dispute with the plaintiff.

13. The allegations contained in Paragraph 13 constitute legal conclusions and plaintiff's characterization of its own case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the plaintiff is entitled to the relief set forth in Paragraph 14, or to any relief whatsoever.

15. Denies the plaintiff is entitled to the relief set forth in the paragraph immediately following Paragraph 14, or to any relief whatsoever.

16. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

17. M.G. Construction's claims are barred to the extent of payments previously made by defendant.

18. M.G. Construction's claims are barred to the extent that executed releases discharged the government from any further payment or obligation.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

OF COUNSEL:
MAJ. LAWRENCE M. ANDERSON
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd., Room 606
Arlington, VA. 22209-2403

July 9, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2004, a copy of the foregoing DEFENDANT'S ANSWER TO AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt