IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff submits the following Status Report.

**1. Jurisdiction**

M.G. Construction, Inc., asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq..

**2. Consolidation**

This case should not be consolidated with any other case.

**3. Bifurcation**

The trial of liability and damages should not be bifurcated.

**4. Deferral**

The plaintiff is not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. Remand/Suspension**

Plaintiff will not seek to remand or suspend this case.

**6. Joinder of Additional Parties**

At this time, plaintiff does not intends to join additional parties.

**7. Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. Plaintiff will file any dispositive motions before the close of discovery.

**8. Relevant Issues**

Around June 29, 2001, the plaintiff, M.G. Construction, Inc., entered into a contract with the Air Force to perform roofing work at Warren Air Force Base in Wyoming. Among the tasks that M.G. Construction performed was the removal of a Built Up Roof System ("BURS"). There was no pre-bid inspection because the Air Force decided against pre-bid inspections for security reasons. There was a bid item for the removal of gravel that had an estimated quantity of 200 square feet. In fact, there was approximately 200,000 square feet of gravel to be removed. The contracting officer ordered it all removed and then refused to pay for any more than the 200 square feet of material contained in the bid schedule. The contracting officer also called for installation of metal flashings that exceeded the gauge requirement of the contract. M.G. Construction has sued in this Court for payment of $191,384.29 of those claims, in its first claim for relief.

In its second Claim for Relief, M.G. Construction also has claimed to have performed extra work beyond the scope of the contract in 2003. This work consisted of repairing drywall, removing gravel, purchase and installation of special metal flashings, removal of extra

insulation, and the purchase and installation of fasteners. The total for these claims was $238,041.43. The Government did not pay any of these claims.

**9. Settlement**

At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**10. Trial**

If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial if dispositive motions are not filed or, if filed, are not sustained. Plaintiff is considering requesting an expedited trial schedule.

**11. Electronic Case Management**

There are no problems of which either party is aware with regard to the electronic filing of documents in this matter.

**12. Additional Issues**

Plaintiff has filed a motion to compel which the plaintiff requests the court review.

**13. Proposed Discovery Plan**

Pursuant to RCFC Appendix A, ¶ 5, the plaintif proposes the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before October 8, 2004.

b. Plaintiff proposes that, without leave of Court or written stipulation, a party may serve upon any other party up to 25 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. All fact discovery in this action shall be completed on or before January 14, 2005.

d. Expert witnesses shall be disclosed on or before February 1, 2005, expert reports pursuant to RCFC 26(a)(2)(B) shall be exchanged on or before March 15, 2005, and that expert discovery, including any depositions, shall be completed by May 1, 2005.

Respectfully submitted,

"s/Joseph A. Yazbeck, Jr."
JOSEPH A. YAZBECK, JR.
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue
Portland, OR 97201-5617
Attorney for Plaintiff
August 30, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2004, a copy of the foregoing PLAINTIFF'S STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Joseph A. Yazbeck, Jr.