IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PRELIMINARY STATUS REPORT**

______Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States submits the following Preliminary Status Report.

**1. Jurisdiction**

______M.G. Construction, Inc., asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. At this time, the United States knows of no reason to question the Court's jurisdiction.

**2. Consolidation**

______This case should not be consolidated with any other case.

**3. Bifurcation**

______The parties agree that the trial of liability and damages should not be bifurcated.

**4. Deferral**

______The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. <u>Remand/Suspension</u>**

______Neither party will seek to remand or suspend this case.

**6. <u>Joinder of Additional Parties</u>**

______At this time, neither party intends to join additional parties.

**7. <u>Motions Pursuant to RCFC 12(b), 12(c) or 56</u>**

______No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions following the close of discovery. **8. <u>Relevant Issues</u>**

Around June 29, 2001, the plaintiff, M.G. Construction, Inc., entered into a contract with the Air Force to perform roofing work at Warren Air Force Base in Wyoming. Among the tasks that M.G. Construction agreed to complete was the removal of a Built Up Roof System ("BURS"). Such a roof included a large amount of gravel. M.G. Construction regarded the removal of such gravel as an additional task and made a Request for Equitable Adjustment for costs it claimed to have incurred in the gravel's removal as well as the installation of metal flashings. M.G. Construction has sued in this Court for payment of $191,384.29 on that claim. The Government claims that its prior payments covered this claim.

In its second Claim for Relief, M.G. Construction also has claimed to have performed extra work beyond the scope of the contract in 2003. This work consisted of repairing drywall, removing gravel, purchase and installation of special metal flashings, removal of extra insulation, and the purchase and installation of fasteners. The total for these claims was $238,041.43. The Government did not pay these claims because it considered such work to be within the scope of the contract and it has withheld money from payments because it claims that M.G. Construction

has not properly submitted written warranties required by the contract.

The relevant issues in dispute in this case concern:

Whether the roof work that M.G. Construction contracted to perform included roof gravel removal and the installation of metal flashings.

Whether Government's prior payments have satisfied its obligations to M.G. Construction for the work at issue in the first claim.

Whether the plaintiff has provided the Government with the written guarantees for materials and work required under the contract and whether the Government's withholding of money because of the lack of a warranty/guarantee was proper.

Whether the work that M.G. Construction seeks payment for in its second claim is additional or required by the contract.

**9. Settlement**

______At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**10. Trial**

______If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial if dispositive motions are not filed or, if filed, are not sustained. Plaintiff is considering requesting an expedited trial schedule.

**11. Electronic Case Management**

______There are no problems of which either party is aware with regard to the electronic filing of documents in this matter.

**12. Additional Issues**

______The parties are unaware of any additional information that the Court should be aware of at this time.

**13. Proposed Discovery Plan**

______Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before November 1, 2004.

b. The parties propose that, without leave of Court or written stipulation, a party may serve upon any other party up to 25 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. All fact discovery in this action shall be completed on or before May 1, 2005.

d. Expert witnesses shall be disclosed on or before May 15, 2005, expert reports pursuant to RCFC 26(a)(2)(B) shall be exchanged on or before June 15, 2005, and that expert discovery, including any depositions, shall be completed by August 1, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

September 13, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2004, a copy of the foregoing DEFENDANT'S PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt