IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

______Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States submits the following Preliminary Status Report.

**1. Jurisdiction**

______M.G. Construction, Inc., asserts jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.. At this time, the United States knows of no reason to question the Court's jurisdiction.

**2. Consolidation**

______This case should not be consolidated with any other case.

**3. Bifurcation**

______The parties agree that the trial of liability and damages should not be bifurcated.

**4. Deferral**

______The parties are not aware of any related cases currently pending in this or any other tribunal and, accordingly, the proceedings in this case should not be deferred pending consideration of any other case.

**5. Remand/Suspension**

______Neither party will seek to remand or suspend this case.

**6. Joinder of Additional Parties**

______At this time, neither party intends to join additional parties.

**7. Motions Pursuant to RCFC 12(b), 12(c) or 56**

______No motions pursuant to RCFC 12(b), 12(c) or 56 have been filed. At this time, the parties have not determined whether they will file any dispositive motions following the close of discovery.

However, the plaintiff will file a partial motion for summary judgment on its gravel claim within 30 days.

**8. Relevant Issues**

Plaintiff's Description of Relevant Issues:

Around June 29, 2001, the plaintiff, M.G. Construction, Inc., entered into a contract with the Air Force to perform roofing work at Warren Air Force Base in Wyoming. Among the tasks that M.G. Construction performed was the removal of a Built Up Roof System ("BURS"). There was no pre-bid inspection because the Air Force decided against pre-bid inspections for security reasons. There was a bid item for the removal of gravel that had an estimated quantity of 200 square feet. In fact, there was approximately 200,000 square feet of gravel to be removed. The contracting officer ordered all the gravel removed and then refused to pay for any more gravel than the 200 square feet of material contained in the bid schedule. The contracting officer also called for installation of metal flashings that exceeded the gauge requirement of the contract. M.G. Construction has sued in this Court for payment of

$191,384.29 of those claims, in its first claim for relief.

In its second Claim for Relief, M.G. Construction also has claimed to have performed extra work beyond the scope of the contract in 2003. This work consisted of removing gravel, purchase and installation of special metal flashings, removal of extra insulation, and the purchase and installation of fasteners. The total for these claims was $238,041.43. The Government did not pay any of these claims.

Defendant's Description of Relevant Issues:

Around June 29, 2001, the plaintiff, M.G. Construction, Inc., entered into a contract with the Air Force to perform roofing work at Warren Air Force Base in Wyoming. Among the tasks that M.G. Construction agreed to complete was the removal of a Built Up Roof System ("BURS"). Such a roof included a large amount of gravel. M.G. Construction regarded the removal of such gravel as an additional task and made a Request for Equitable Adjustment ("REA") for costs it claimed to have incurred in the gravel's removal as well as the installation of metal flashings, among other tasks. Though the Government already paid $135,517.41 on the REA, M.G. Construction has sued in this Court for payment of $191,384.29 for the gravel removal and metal flashings. The Government claims that its prior payments disposed of this claim.

In its second Claim for Relief, M.G. Construction also has claimed to have performed extra work beyond the scope of the contract in 2003. This work consisted of repairing drywall, removing gravel, purchase and installation of special metal flashings, removal of extra insulation, and the purchase and installation of fasteners. The total for these claims was $238,041.43. The Government did not pay these claims because it considered such work to be within the scope of

the contract and it has withheld money from payments because M.G. Construction has not properly submitted written warranties required by the contract.

The relevant issues in dispute in this case concern:

Whether the roof work that M.G. Construction contracted to perform included roof gravel removal and the installation of metal flashings.

Whether Government's prior payments have satisfied its obligations to M.G. Construction for the work at issue in the first claim.

Whether the plaintiff has provided the Government with the written guarantees for materials and work required under the contract and whether the Government's withholding of money because of the lack of a warranty/guarantee was proper.

Whether the work that M.G. Construction seeks payment for in its second claim is additional or required by the contract.

**9. Settlement**

______At this time, the parties believe it is too early in the litigation to provide an opinion as to the likelihood of settlement. The parties will consider settling some or all of the claims as this litigation progresses.

**10. Trial**

______If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial if dispositive motions are not filed or, if filed, are not sustained. Plaintiff is considering requesting an expedited trial schedule.

**11. Electronic Case Management**

______There are no problems of which either party is aware with regard to the electronic filing

of documents in this matter.

**12. <u>Additional Issues</u>**

______The parties are unaware of any additional information that the Court should be aware of at this time.

**13. <u>Proposed Discovery Plan</u>**

______Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. Initial Disclosures pursuant to RCFC 26(a)(1) shall be served on or before November 1, 2004.

b. The parties propose that, without leave of Court or written stipulation, a party may serve upon any other party up to 25 interrogatories, including all discrete subparts, pursuant to RCFC 33.

c. Plaintiff requests that all fact discovery in this action shall be completed on or before March 1, 2005. Defendant proposes that all fact discovery shall be completed on or before May 1, 2005.

d. Plaintiff requests that all expert witnesses shall be disclosed on or before March 15, 2005, and defendant proposes that such witnesses be disclosed on or before May 15, 2005. Plaintiff requests that expert reports pursuant to RCFC 26(a)(2)(B) shall be exchanged on or before April 15, 2005, and defendant proposes that such reports be exchanged on or before June 15, 2005. Plaintiff further requests that expert discovery, including any depositions, shall be completed by April 15, 2005, while defendant proposes that expert discovery shall be completed by August 1, 2005.

Pursuant to this Court's September 15, 2004 order, the parties propose October 6, 2004,

as a date for the status conference to establish the discovery schedule for this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Joseph A. Yazbeck
JOSEPH A. YAZBECK
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue
Portland, OR 97201-5617

Attorney for Plaintiff

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

September 23, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2004, a copy of the foregoing JOINT PRELIMINARY STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt