IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M G CONSTRUCTION, INC. | ) | |
| | ) | No. 04-cv-00473-MBH |
| Plaintiff, | ) | (Judge Horn) |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SECOND AMENDED COMPLAINT**

Allegations Common to All Claims

1. This court has jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. Section 601, et seq. and 28 U.S.C. Section 1491(a)(2).

2. Plaintiff M.G. Construction, Inc. ("M.G. Construction") is an Oregon Corporation with its principal place of business in Salem, Oregon.

3. The United States, by and through the United States Air Force, issued Solicitation Number F48608-01-R-001 for Project Number GHLN 01-1004, known as the Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming.

4. On June 29, 2001, the United States, by and through the United States Air Force, awarded M.G. Construction the contract, numbered F48608-01-D-0008, to perform the roofing work at F.E. Warren Air Force Base.

First Claim: Remove Aggregate Surfacing Claim

5. The solicitation required bidders to complete "Part I - The Schedule, Section B, Supplies or Services and Prices/Costs." The Schedule required bidders to provide a "UNIT

PRICE" per "SF" (square foot) for "Remove Aggregate Surfacing" for "BUR & EPDM" under "Demolition." On the Schedule, the United States estimated the quantity of aggregate surfacing that needed to be removed at "200" SF and included such figure in Contract Line Item Number 0001AA.

6. The United States did not permit a site inspection prior to bidding.

7. For the contract line item "Remove Aggregate Surfacing," M.G. Construction bid a unit price of $1.50 per SF.

8. In 2002, M.G. Construction removed 125,800 SF of aggregate.

9. In 2003, M.G. Construction removed 117,300 SF of aggregate.

10. In total, M.G. Construction removed 243,100 SF of aggregate. At $1.50 per SF, the total amount M.G. Construction earned was $364,650. The United States has failed to pay for any of the aggregate removal.

<u>Second Claim: 24 Gauge and Additional Flashing Claim</u>

11. Specification 07620, Sheet Metal Flashing, Trim, and Accessories, required bidders to provide metal flashing in 26 gauge. CLIN # 0010AM provided that certain flashing would be reused.

12. M.G. Construction provided bids for flashing in 26 gauge and which assumed that certain flashing would be reused.

13. Contrary to the specifications and contract, M.G. Construction was required to use flashing in 24 gauge, which is thicker and more expensive that 26 gauge, and had to supply new flashing in lieu of using the existing flashing.

14. In 2002, M.G. Construction purchased and installed 325 linear feet ("LF") of flashing at

$9.55 over the bid amount, 1584 LF of flashing at $4.91 over the bid amount, 160 LF of flashing at $1.80 over the bid amount, 200 LF of flashing at $9.55 over the bid amount, 3640 LF of flashing at $1.80 over the bid amount, 2098 LF of flashing at $1.80 over the bid amount, and 180 LF of flashing at $1.80 over the bid amount, such amounts including any extra labor involved. The total extra cost for flashing in 2002 is $23,731.34.

15. In 2003, M.G. Construction purchased and installed 2950 linear feet ("LF") of flashing at $1.80 over the bid amount, and 220 LF of flashing at $9.55 over the bid amount, such amounts including any extra labor involved. The total extra cost for flashing in 2003 was $7411.00.

16. In 2004, M. G. Construction purchased and installed $14,571.00 in flashing beyond that required by the contract. The flashing that the contract indicated was to be reused could not be reused because it was part of the pre-existing roofing system. Submission of the 2004 claim for flashing to the CO for a final decision would be futile as the CO has denied similar amounts for flashing installed in 2002 and 2003.

17. In total, M. G. Construction has purchased and installed $45,713.34 in 24 gauge flashing above and beyond the 26 gauge flashing required by specification and above and beyond the quantities required by the contract. The United States has failed to pay for any of the additional expense associated with using the 24 gauge flashing and the additional flashing.

Third Claim: Extra Insulation Removal Claim

18. On Building 1250, M.G. Construction has removed an extra 2 inches of insulation across 360 squares at $20 per square, for a total due of $7,200. The United States has failed to

pay for the extra insulation removal.

Fourth Claim: Installation of Special Fasteners Claim

19. On Building 1250, M.G. Construction was required to install special fasteners over 725 squares in order to give the United States a requested 100 mph warranty. It required 25 minutes per square to install the fasteners, for a total due M.G. Construction of $10,875.00. The United States has failed to pay for the extra labor required to install the special fasteners.

Fifth Claim: Crickets Claim

20. In 2002, the United States agreed to pay M.G. Construction $333 per cricket.

21. On Building 722, M.G. Construction has installed 65 crickets. The United States has only paid for 48 of the 65 crickets. M.G. Construction has earned $333.00 per cricket for 17 crickets, for a total of $5,661.00. The United States has failed to pay for the 17 additional crickets.

Sixth Claim: Wood Nailers Claim

22. M.G. Construction bid $1 per SF for CLIN # 0001AK, remove wood nailers.

23. In 2002 and 2003, the United States paid M.G. Construction for the removal of wood nailers per the contract unit price.

24. In 2004, on Building 722, M.G. Construction has removed 2,200 SF of wood nailers. M.G. Construction is due $2,200 for the removal of the wood nailers. The United States has failed to pay for the 2004 removal of wood nailers.

WHEREFORE, Plaintiff prays for a judgment:

a) Upon its first claim, in the amount of $364,650 with interest from the date of

certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

b) Upon its second claim, in the amount of $45,713.34 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

c) Upon its third claim, in the amount of $7200.00 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

d) Upon its fourth claim, in the amount of $10,875.00 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

e) Upon its fifth claim, in the amount of $5661.00 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act; and

f) Upon its sixth claim, in the amount of $2200 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act.

DATED this ____ day of November, 2004.

"s/Joseph A. Yazbeck, Jr."
Joseph A. Yazbeck, Jr.
YAZBECK, CLORAN & HANSON, LLC
1300 SW 5th Ave., Suite 2750
Portland, Oregon 97201
(503) 227-1428
Attorney of Record for Plaintiff