IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT

For its answer to the plaintiff's Second Amended Complaint, defendant, the United States, admits, denies and alleges as follows:

Allegations Common to All Claims

1. The allegations contained in Paragraph 1 constitute legal conclusions and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits the allegations contained in Paragraph 3 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 3.

4. Admits the allegations contained in Paragraph 4 to the extent supported by the contract award, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 4.

First Claim: Remove Aggregate Surfacing Claim

5. Admits the allegations contained in Paragraph 5 to the extent supported by the Solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 5.

6. Denies; avers that plaintiff did not take advantage of the opportunity extended to all interested bidders, on or about February 28, 2001, to make a pre-bid site visit.

7. Admits the allegation contained in Paragraph 7 to the extent supported by the M.G. Construction bid, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 7.

8. Denies.

9. Denies.

10. Denies the allegation contained in the first and second sentences of Paragraph 10. Admits the allegation contained in the third sentence of Paragraph 10; avers that M.G. Construction's contract did not entitle the company to payment for removal of aggregate surfacing as an item distinct from BURS removal.

Second Claim: 24 Gauge and Additional Flashing Claim

11. Admits the allegations contained in the first sentence of Paragraph 11 to the extent supported by the cited Specification, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of Paragraph 11. Admits the allegations contained in the second sentence of Paragraph 11 to the extent supported by the cited Contract Line Item; otherwise denies the allegations contained in the second sentence of Paragraph 11.

12. Denies contained in the second part of Paragraph 12 that M.G. Construction assumed

that certain flashing would be reused for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted; admits the remainder of the allegations contained in the first part of Paragraph 12.

13. Admits the allegation contained in the third clause of Paragraph 13 that 24 gauge flashing is thicker and more expensive than 26 gauge flashing; denies the remainder of the allegations contained in Paragraph 13.

14. Denies the allegations contained in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. Denies the allegations contained in the Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Denies the allegations contained in the first sentence of Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained the second sentence of Paragraph 16. The allegations contained in the third sentence of Paragraph 16 constitute legal conclusions and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; avers that the requirement to submit a claim is a jurisdictional prerequisite to suit.

17. Denies the allegations contained in the first sentence of Paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation contained in the second sentence of Paragraph 17; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

Third Claim: Extra Insulation Removal Claim

18. Admits the allegations contained in the first sentence of Paragraph 18 that M.G. Construction removed 2 inches of extra insulation depth in Building 1250; otherwise denies all allegations contained in the first sentence of Paragraph 18. Admits the allegation contained in the second sentence of Paragraph 18 that the United States has not made payments for the removal of extra insulation; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied; avers that the requirement to submit a claim is a jurisdictional prerequisite to suit.

Fourth Claim: Installation of Special Fasteners Claim

19. Denies the allegations contained in the first and second sentences of Paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation contained in the third sentence of Paragraph 19 that the United States has not made payments for special fasteners; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied; avers that the requirement to submit a claim is a jurisdictional prerequisite to suit.

Fifth Claim: Crickets Claim

20. Denies; avers that the United States agreed to pay $333.05 per hundred square feet of cricket area.

21. Denies the allegations contained in the first sentence of Paragraph 21. Denies the allegations contained in the second sentence of Paragraph 21; avers that the Government has paid M.G. Construction for 47.7 hundred square feet of cricket area. Denies the allegations contained in the third sentence of Paragraph 21. Admits the allegation contained in the fourth sentence of

Paragraph 21; avers that M.G. Construction has not made a claim to the contracting officer for this amount; avers that the requirement to submit a claim is a jurisdictional prerequisite to suit.

Sixth Claim: Wood Nailers Claim

22. Admits the allegation contained in Paragraph 22 to the extent supported by the bid cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 22.

23. Admits.

24. Denies the allegations contained in the first and second sentence of Paragraph 24. Admits the allegation contained in the third sentence of Paragraph 24; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

25. Denies that plaintiff is entitled to the relief set forth in the prayer for relief beginning with the word Wherefore and containing sub-paragraphs a-f, or to any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified. The requirement to submit a claim is a jurisdictional prerequisite to suit.

DEFENSES AND AFFIRMATIVE DEFENSES

27. M.G. Construction's claims are barred to the extent of payments previously made by defendant.

28. M.G. Constructions claims are barred to the extent that executed releases discharged the Government from any further payment or obligation.

29. This Court lacks jurisdiction over any matter set forth in this complaint which has not been submitted to the contracting officer as required by the Contract Disputes Act of 1978, including the portion of the Second Claim stated in Paragraph 16, as well as the Third, Fourth,

Fifth and Sixth Claims.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

OF COUNSEL:
MAJ. LAWRENCE M. ANDERSON
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd., Room 606
Arlington, VA. 22209-2403

November 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2004, a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt