# YAZBECK, CLORAN & HANSON, LLC

Attorneys at Law
Suite 2750
1300 S.W. Fifth Avenue
Portland, Oregon 97201-5617

Telephone: (503) 227-1428
Facsimile: (503) 227-4866
E-Mail: hlm@yazbeckhanson.com

Joseph A. Yazbeck, Jr. • ◆
William F. Cloran
Jeffrey K. Hanson •

◆ Also admitted in Texas
• Also admitted in Washington
▲ Admitted to practice before the USPTO

Heather McNamee
David H. Bowser

Robert K. Lau ▲
Registered Patent Attorney
(Of Counsel)


January 13, 2005

Carroll Vye, Contracting Officer
United States Air Force
90 CONS/LCGAR
7505 Marne Loop
F.E. Warren AFB, WY 82005-2806

**Re: Warren AFB - FOIA Request**
**Our File No. 9818.00**

Dear Mr. Vye:

Pursuant to 5 U.S.C. § 552 of the Freedom of Information Act ("FOIA"), we hereby request that you provide copies of the following documents:

**REQUESTS**

1. Any and all documents regarding the request for appropriation and/or the appropriation for roof requirements for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including reports upon the condition of existing roofing, documents recommending new roofing, the estimated costs of new roofing, the need for new roofing, plans and schedules for installing new roofing, approvals, and/or any other documents generated or tendered in justification of the proposed roofing work;

2. Any and all purchase orders, work orders, contracts and/or any other similar document used to purchase and/or order roofing work (labor and/or materials) regarding roofing work at the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, generated from June 29, 2001, through present;

3. Any and all documents evidencing payment to any contractor for roofing work (labor and/or materials) performed at the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, from June 29, 2001, through present;

4. Any and all documents regarding the requirement of 26 gauge in Specification 07620 (Sheet Metal Flashing, Trim, and Accessories) for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming;

5. Any and all documents regarding the reuse of flashing for CLIN # 0010AM for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including any document relied upon in determining that the flashing could be reused, the inability to reuse such flashing, and need for additional flashing;

6. Any and all documents regarding any agreement to pay M.G. Construction, Inc. $333 per cricket and/or paying M.G. Construction, Inc. $333 per cricket for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming;

7. Any and all documents regarding asphalt shingles for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including the specifications for such shingles, the submittal of any shingles for approval, the approval and/or rejection of any shingle submitted, instruction to use another type and/or brand of shingle, including shingles by Melarky;

8. Any and all documents regarding work orders 11, 12, 13, and/or 14 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including documents regarding the need for such work orders, the issuance of such work orders, documents regarding the need for the work covered by such work orders becoming unneeded, and/or the attempted no cost cancellation of such work orders;

9. Any and all documents regarding the estimated 400,000 sf of shingles in year 1 and/or the 400,000 sf of shingles in year 2 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including documents used in estimating the 400,000 sf of shingles in year 1 and 2 and/or the methodology used in the estimation of 400,000 sf of shingles in year 1 and 2;

10. Any and all documents regarding leaks and/or other defects in the existing roofing of any roof which was within the scope of the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming; including complaints that any roof is leaking and/or complaints that equipment or other materials are being damaged by such leaking roofs, and any requests for maintenance upon such roofs;

11. Any and all documents regarding the estimated 200 sf of Remove Aggregate Surfacing in Contract Line Item Number 0001AA for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force

Space Command at the F.E. Warren Air Force Base, Wyoming, including documents used in estimating the 200 sf and/or the methodology used in the estimation of 200 sf;

12. Any and all documents regarding the Air Force EPDM Roofing System 15-Year Labor and Material Warranty required for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including Engineering Technical Letter ("ETL") 90-8, any EPDM System Manufacturer's Certification (Submittal #1 from ETL 90-8), any System Summary Sheet (Submittal #2 from ETL 90-08), and any drafts, comments and/or approvals to vary and/or to remove any submittals required by ETL 90-08 and/or of the language used in the contract;

13. Any and all documents regarding the amount of aggregate surfacing removed by M.G. Construction, Inc. in 2002 and/or 2003 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including invoices and/or payments for such work;

14. Any and all documents regarding the amount of flashing installed by M.G. Construction, Inc. in 2002 and/or 2003 and/or 2004 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming; including invoices and/or payments for such work;

15. Any and all documents regarding the number of crickets installed by M.G. Construction, Inc. for Building 722 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including invoices and/or payments for such work;

16. Any and all documents regarding the number of wood nailers removed by M.G. Construction, Inc. in 2004 for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including invoices and/or payments for such work;

17. Any and all documents regarding the amount of shingles installed by M.G. Construction, Inc. for the contract numbered F48608-01-D-0008, known as Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming, including invoices and/or payments for such work.

The definitions and instructions listed below are provided to assist you in responding to this FOIA request:

**DEFINITIONS**

1. Document. The term "document" includes, without limitation, the following items, whether printed, recorded or reproduced by hand: agreements; communications; reports; correspondence; telegrams; memoranda; transcripts; summaries, records or notes of telephone conversations, teleconferences, personal conversations, meetings, conferences or interviews; summaries, reports or notes of investigations or negotiations; test reports or results; graphs; computer printouts, computer discs, tapes, electronic mail or other computerized materials; notebooks; note charts; plans; drawings; sketches; maps; opinions or reports of consultants, auditors or other experts; photographs; slides; motion picture films; photographic negatives; brochures; pamphlets; advertisements; circulars; press releases; diaries; appointment books; calendars; desk pads; logs; minutes of meetings; invoices; credits; debits; checks; entries in books of account; ledgers; any marginal comments or notes appearing on any documents; any drafts of any documents; and all other writings.

2. Communication. The term "communication" means every manner of the transmittal or receipt of information (in the form of facts, ideas, inquiries, opinions, thoughts or otherwise), in writing or otherwise.

3. Regarding. The term "regarding" means concerning, relating to, referring to, describing, evidencing or constituting.

4. All/Each. The terms "all" and "each" shall be construed as all and each.

5. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside its scope.

6. Number. The use of the singular form of any word includes the plural and the use of the plural form of any word includes the singular.

**INSTRUCTIONS**

1. This request is intended to cover all documents in your possession, your attorneys, or subject to your control regardless of where located.

2. Where a particular document is requested (e.g., agreements, minutes, etc.), such request shall be deemed to include all nonidentical drafts of such documents, including the final draft, if any.

3. If any document requested herein is not produced due to a claim of privilege (including a claim of the work product rule), each such document shall be adequately identified and described, and the factual basis for the claim of privilege shall be stated. Documents shall be deemed to have been adequately identified and described for the purpose of this instruction when the following information shall have been provided:

a. The place, approximate date and manner of preparation of the document;
b. The name of each person, including stenographic or clerical assistants, participating in the preparation of the document;
c. The name and position, if any, of each person, other than your attorneys, to whom the contents of the document have heretofore been communicated by any means whatsoever, including, without limitation, copy, blind copy, exhibition, reading, reference or substantial summarization; and
d. The nature of the document and a brief description of its subject matter.

4. If any requested document was, but is no longer in your possession, custody or control, you shall identify the document and state what disposition was made of it.

5. Where complete production of documents responsive to a particular request is not possible, production should be made to the extent possible and the response should indicate why only partial production could be made.

We will pay all reasonable costs for inspection and photocopying associated with complying with this request. Please feel free to contact me if there are any questions or concerns.

Thank you in advance for your assistance. If you have any questions or concerns regarding this letter, please do not hesitate to contact me.

Very truly yours,

Joseph A. Yazbeck, Jr.

cc: MG Construction