IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M G CONSTRUCTION, INC. | ) | |
| | ) | No. 04-cv-00473-MBH |
| Plaintiff, | ) | (Judge Horn) |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FOURTH AMENDED COMPLAINT**

Allegations Common to All Claims

1. This court has jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. Section 601, et seq. and 28 U.S.C. Section 1491(a)(2).

2. Plaintiff M.G. Construction, Inc. ("M.G. Construction") is an Oregon Corporation with its principal place of business in Salem, Oregon.

3. The United States, by and through the United States Air Force, issued Solicitation Number F48608-01-R-001 for Project Number GHLN 01-1004, known as the Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming.

4. On June 29, 2001, the United States, by and through the United States Air Force, awarded M.G. Construction the contract, numbered F48608-01-D-0008, to perform the roofing work at F.E. Warren Air Force Base.

5. All the claims below are the subject of Contracting Officer's decisions dated 5 December 2003 and 4 March 2005.

First Claim: Remove Aggregate Surfacing Claim

6. The solicitation required bidders to complete "Part I - The Schedule, Section B, Supplies or Services and Prices/Costs." The Schedule required bidders to provide a "UNIT PRICE" per "SF" (square foot) for "Remove Aggregate Surfacing" for "BUR & EPDM" under "Demolition." On the Schedule, the United States estimated the quantity of aggregate surfacing that needed to be removed at "200" SF and included such figure in Contract Line Item Number 0001AA.

7. The United States did not permit a site inspection prior to bidding.

8. For the contract line item "Remove Aggregate Surfacing," M.G. Construction bid a unit price of $1.50 per SF.

9. In 2002, M.G. Construction removed 125,800 SF of aggregate.

10. In 2003, M.G. Construction removed 117,300 SF of aggregate.

11. In total, M.G. Construction removed 243,100 SF of aggregate. At $1.50 per SF, the total amount M.G. Construction earned was $364,650. The United States has failed to pay for any of the aggregate removal.

<u>Second Claim: 24 Gauge and Additional Flashing Claim</u>

12. Specification 07620, Sheet Metal Flashing, Trim, and Accessories, required bidders to provide metal flashing in 26 gauge. CLIN # 0010AM provided that certain flashing would be reused.

13. M.G. Construction provided bids for flashing in 26 gauge and which assumed that certain flashing would be reused.

14. Contrary to the specifications and contract, M.G. Construction was required to use flashing in 24 gauge, which is thicker and more expensive that 26 gauge, and had to

supply new flashing in lieu of using the existing flashing.

15. In 2002, M.G. Construction purchased and installed 325 linear feet ("LF") of flashing at $9.55 over the bid amount, 1584 LF of flashing at $4.91 over the bid amount, 160 LF of flashing at $1.80 over the bid amount, 200 LF of flashing at $9.55 over the bid amount, 3640 LF of flashing at $1.80 over the bid amount, 2098 LF of flashing at $1.80 over the bid amount, and 180 LF of flashing at $1.80 over the bid amount, such amounts including any extra labor involved. The total extra cost for flashing in 2002 is $23,731.34.

16. In 2003, M.G. Construction purchased and installed 2950 linear feet ("LF") of flashing at $1.80 over the bid amount, and 220 LF of flashing at $9.55 over the bid amount, such amounts including any extra labor involved. The total extra cost for flashing in 2003 was $7411.00.

17. In 2004, M. G. Construction purchased and installed $14,571.00 in flashing beyond that required by the contract. The flashing that the contract indicated was to be reused could not be reused because it was part of the pre-existing roofing system.

18. In total, M. G. Construction has purchased and installed $45,713.34 in 24 gauge flashing above and beyond the 26 gauge flashing required by specification and above and beyond the quantities required by the contract. The United States has failed to pay for any of the additional expense associated with using the 24 gauge flashing and the additional flashing.

Third Claim: Crickets Claim

19. In 2002, the United States agreed to pay M.G. Construction $333 per cricket.

20. On Building 722, M.G. Construction has installed 65 crickets. The United States has

only paid for 48 of the 65 crickets. M.G. Construction has earned $333.00 per cricket for 17 crickets, for a total of $5661.00. The United States has failed to pay for the 17 additional crickets.

Fourth Claim: Wood Nailers Claim

21. M.G. Construction bid $1 per SF for CLIN # 0001AK, remove wood nailers.

22. In 2002 and 2003, the United States paid M.G. Construction for the removal of wood nailers per the contract unit price.

23. In 2004, on Building 722, M.G. Construction has removed 2200 SF of wood nailers. M.G. Construction is due $2200 for the removal of the wood nailers. The United States has failed to pay for the 2004 removal of wood nailers.

Fifth Claim: Special Shingles

24. M.G. Construction bid $36 per square (SQ) to supply shingles for the project.

25. M.G. Construction supplied the United States with three examples of asphalt shingles that met the requirements of the contract, specifically specification 07311. These shingles cost $36/SQ.

26. The United States then asked for asphalt shingles that matched other buildings upon the base. To comply, MG Construction was required to use asphalt shingles from Melarky, which shingles cost $49/SQ. The special asphalt shingles cost MG Construction an additional $10,582.00.

27. M.G. Construction is due $10,582.00 for the special shingles. The United States has failed to pay for the special shingles.

Sixth Claim: Profit/Overhead/Bond Claim

28. M.G. Construction hereby incorporates its Second and Fifth Claims.

29. M.G. Construction is entitled its usual profit, overhead and bond amounts for the additional costs. MG Construction's usual percentages for these amounts is 15% for overhead, 10% profit and 4% for bond.

30. When the additional $25,153.00 in costs is multiplied by these percentages, MG Construction is entitled to $7,294.37 for profit, overhead and bond. The United States has failed to pay for the profit, overhead and bond upon the additional costs associated with the 24 Gauge and Additional Flashing Claim and the Special Shingles Claim.

<u>Seventh Claim: Breach of Requirements Contract Claim</u>

31. The contract between United States and MG Construction is a requirements contract. Under this requirements contract, the United States was obligated to purchase all of its actual needs covered by the contract from MG Construction.

Count I-Cancelled Delivery Orders

32. The United States issued MG Construction work orders 11 (EPDM), 12 (Shingles), 13 (EPDM) and 14 (EPDM), each work order stating that the USAF had actual need for the roofing work to be performed during the contract period.

33. The United States has breached the requirements contract by unilaterally cancelling said work orders and fulfilling or planning to fulfill their actual roofing needs from another contractor.

34. MG Construction, due to the United States breach, is entitled to anticipatory profits upon work order 11 in the amount of $6,971.63, work order 12 in the amount of $2,590.09, work order 13 in the amount of $931.90, and work order 14 in the amount of $10,539.30,

for a total amount of $21,032.92.

Count II-Year 1 & 2 Shingles

35. The United States had an actual need for the estimated 400,000 sf of shingles in year 1, and need for the 400,000 sf of shingles in year 2.

36. The United States's proffered excuse to MG Construction for its failure to issue work orders for these shingles was that it didn't know which shingle it wanted to use, evidencing the United States' actual need for the shingle roofs.

37. Although United States had actual need for the shingles during the term of the requirements contract, the United States breached the requirements contract by fulfilling or planning to fulfill their actual roofing needs from another contractor.

38. MG Construction, due to the United States breaches, is entitled to anticipatory profits upon the 800,000 sf of shingle work in the amount of $.12/sf or $96,000.

WHEREFORE, Plaintiff prays for a judgment:

a) Upon its first claim, in the amount of $364,650 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

b) Upon its second claim, in the amount of $45,713.34 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

c) Upon its third claim, in the amount of $,5661.00 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

d) Upon its fourth claim, in the amount of $2,200 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

e) Upon its fifth claim, in the amount of $10,582.00 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act;

f) Upon its sixth claim, in the amount of $7,294.37 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act; and

g) Upon its seventh claim, in the amount of $161,741.29 with interest from the date of certification until paid, plus costs and attorney fees incurred herein pursuant to the Equal Access to Judgment Act.

DATED this ____ day of March, 2005.

"s/Joseph A. Yazbeck, Jr."
Joseph A. Yazbeck, Jr.
YAZBECK, CLORAN & HANSON, LLC
1300 SW 5th Ave., Suite 2750
Portland, Oregon 97201
(503) 227-1428
Attorney of Record for Plaintiff