IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO
PLAINTIFF'S FOURTH AMENDED COMPLAINT

For its answer to the plaintiff's Fourth Amended Complaint, defendant, the United States, admits, denies and alleges as follows:

Allegations Common to All Claims

1. The allegations contained in Paragraph 1 constitute legal conclusions and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits the allegations contained in Paragraph 3 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 3.

4. Admits the allegations contained in Paragraph 4 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 4.

5. Admits the allegations contained in Paragraph 5 to the extent supported by the contracting officer's decisions, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 5.

First Claim: Remove Aggregate Surfacing Claim

6. Admits the allegations contained in Paragraph 6 to the extent supported by the Solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 6.

7. Denies; avers that plaintiff did not take advantage of the opportunity extended to all interested bidders, on or about February 28, 2001, to make a pre-bid site visit.

8. Admits the allegation contained in Paragraph 8 to the extent supported by the M.G. Construction bid, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 8.

9. Denies.

10. Denies.

11. Denies the allegations contained in the first and second sentences of Paragraph 11. Admits the allegation contained in the third sentence of Paragraph 11; avers that M.G. Construction's contract did not entitle the company to payment for removal of aggregate surfacing as an item distinct from BURS removal.

Second Claim: 24 Gauge and Additional Flashing Claim

12. Admits the allegations contained in the first sentence of Paragraph 12 to the extent supported by the cited Specification, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of Paragraph 12. Admits the allegations contained

in the second sentence of Paragraph 12 to the extent supported by the cited Contract Line Item; otherwise denies the allegations contained in the second sentence of Paragraph 12.

13. Denies the allegations contained in the second part of Paragraph 13 that M.G. Construction assumed that certain flashing would be reused for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted; admits the remainder of the allegations contained in the first part of Paragraph 13.

14. Admits the allegation contained in the third clause of Paragraph 14 that 24 gauge flashing is thicker and more expensive than 26 gauge flashing; denies the remainder of the allegations contained in Paragraph 14.

15. Denies the allegations contained in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Denies the allegations contained in the Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. Denies the allegations contained in the first sentence of Paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained the second sentence of Paragraph 17.

18. Denies the allegations contained in the first sentence of Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation contained in the second sentence of Paragraph 18; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

Third Claim: Crickets Claim

19. Denies; avers that the United States agreed to pay $333.05 per hundred square feet of cricket area.

20. Denies the allegations contained in the first sentence of Paragraph 20. Denies the allegations contained in the second sentence of Paragraph 20; avers that the Government has paid M.G. Construction for 47.7 hundred square feet of cricket area. Denies the allegations contained in the third sentence of Paragraph 20. Admits the allegation contained in the fourth sentence of Paragraph 20; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

Fourth Claim: Wood Nailers Claim

21. Admits the allegation contained in Paragraph 21 to the extent supported by the bid cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 21.

22. Admits.

23. Denies the allegations contained in the first and second sentence of Paragraph 23. Admits the allegation contained in the third sentence of Paragraph 23; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

Fifth Claim: Special Shingles

24. Admits the allegation contained in Paragraph 24 to the extent supported by the M.G. Construction bid, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 24.

25. Admits the allegations contained in the first sentence of Paragraph 25. Denies the allegations contained in the second sentence of Paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

26. Admits the allegations contained in the first sentence of Paragraph 26. Admits that the Government required the use of Melarky shingles; otherwise denies all other allegations contained in the second sentence of Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; avers that M.G. Construction has never supplied the contracting officer with proof of increased costs allegedly incurred for the different shingles.

27. Denies the allegations contained in the first sentence of Paragraph 27. Admits the allegation contained in the second sentence of Paragraph 27; to the extent that plaintiff alleges that the United States was obligated to pay such amount, such allegation is denied.

<u>Sixth Claim: Profit/Overhead/Bond Claim</u>

28. Defendant incorporates its response to plaintiff's Second and Fifth Claims.

29. Denies the allegations contained in the first sentence of Paragraph 29. Denies the allegations contained in the second sentence of Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

30. Denies the allegations contained in the first sentence of Paragraph 30. Admits the allegation contained in the second sentence of Paragraph 30; to the extent that plaintiff alleges that the United States is obligated to pay such amount, such allegation is denied.

Seventh Claim: Breach of Requirements Contract Claim

31. The allegation contained in the first sentence of Paragraph 31 constitutes a legal conclusion and plaintiff's characterization of its case to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in the second sentence of Paragraph 31 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of Paragraph 31.

Count I- Cancelled Delivery Orders

32. Admits the allegation contained in Paragraph 32 to the extent supported by the referenced work orders, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 32

33. The allegations contained in Paragraph 33 constitute legal conclusions and plaintiff's characterizations of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies.

Count II- Year 1 & 2 Shingles

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief beginning with the word Wherefore and containing sub-paragraphs a-g, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

41. Defendant has failed to state claims upon which relief may be granted.

42. M.G. Construction's claims are barred to the extent of payments previously made by defendant.

43. M.G. Constructions claims are barred to the extent that executed releases discharged the Government from any further payment or obligation.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

March 28, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2005, a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt