# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * *

**M.G. CONSTRUCTION, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * *

**No. 04-473C**
**Filed: March 31, 2005**

## O R D E R

The court held a status conference on March 30, 2005. As a result of the discussion at the conference, the parties shall telephone chambers staff at (202) 357-6580 on **Wednesday, April 6, 2005, at 2:30 p.m.**, and identify any facts deemed material by one party to which the other party does not stipulate. In the event there are no material facts in dispute on count one of the plaintiff's fourth amended complaint, the parties shall adhere to the below schedule and filing requirements.

The parties filed a short joint stipulation of facts on January 28, 2005, which did not appear to address all of the necessary material facts in support of the aggregate surfacing claim the parties have proposed for resolution by summary judgment. For example, the joint stipulation at paragraph 5 stated that the estimate for removing aggregate surfacing was 200 square feet, but does not address the plaintiff's assertion that 243,100 square feet of aggregate surfacing were actually removed, an assertion which appears to be the basis for the plaintiff's count one claim. The parties shall review their initial joint stipulation of facts for completeness. Also, the attachments to the joint stipulation were somewhat confusing. Dividers for the various sections, with subject matter headings for each section, would assist the court. Citations to the joint stipulation attachments should include not only page numbers but paragraph and subparagraph numbers to assist the court in finding the cited material. Furthermore, the plaintiff proposed an "additional material fact," supported by a declaration. It is not clear if this proposed fact is truly material/critical, or merely useful as background or in describing the sequence of events, and also not clear if the defendant stipulates to the proposed fact.

Material facts in dispute would preclude resolution of count one by summary judgment motion. All of the stipulated facts, and also any facts deemed material by one party but not stipulated to by the other party, shall be placed into a single document. The joint statement of issues of law, which drives which facts are truly material/critical, and not merely useful as background or in describing the sequence of events, also shall be placed into the same submission containing the joint stipulation of facts. It was not apparent from the status conference that both parties were in total agreement that all of the material facts had been surfaced, or that both parties had stipulated to all of the material facts required to support the

claim for aggregate surfacing. It also did not appear that the complete contract in question had been filed with the court. The parties shall file a revised joint stipulation of facts, with an appendix of supporting documents, on or before **Friday, April 22, 2005**. A joint statement of issues of law shall be included in the same document, as well as any facts one party believes to be material to which the other party does not stipulate. Defendant also shall file a copy of the complete contract in question on or before **Friday, April 22, 2005**.

Furthermore, on or before **Friday, April 22, 2005**, the parties simultaneously shall file their cross-motions for summary judgment and accompanying initial briefs. On or before **Friday, May 6, 2005**, the parties simultaneously shall file their reply briefs. The parties shall explain all abbreviations and acronyms, and shall explain construction terms, such as describing what "aggregate surfacing" means in this particular case. In their briefs, the parties shall cite to pages and paragraphs in the joint stipulation of facts and in the attached documents to the joint stipulation of facts; tie their arguments to specific passages in the contract, again with page and paragraph number citations, so the court can easily find the identified passages; and explain their arguments in clear and simple fashion, and not assume prior knowledge of the construction industry, and its terms and concepts, on the part of the court.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**