IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

With leave granted by this Court's March 31, 2005 order and pursuant to Rule 56 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court grant partial summary judgment in its favor on Count I of plaintiff's complaint. In support of this motion, we rely upon the pleadings, the parties' Joint Stipulations of Uncontroverted Fact, Joint Statement of Issues of Law, and Appendix filed with this Court, as well as the following brief.

QUESTION PRESENTED

With regard to Count I, the parties stipulate that the legal issue to be determined in summary judgment is whether M.G. Construction is entitled to be paid for aggregate surfacing removal under the terms of Contract Line Item Number ("CLIN") 0001AA or of CLIN 0001AC of Contract Number F48608-01-D-0008.

STATEMENT OF THE CASE

I. Nature Of The Case:

This matter involves a contract dispute between plaintiff, M.G. Construction, Inc., and the United States, acting through the United States Air Force. Count I of M.G. Construction's complaint asserts that the Government is liable to pay for the removal of roof aggregate under a

separate Contract Line Item Number ("CLIN") as opposed to the CLIN for Built-Up Roof System ("BURS") removal.

II. Procedural History:

M.G. Construction filed this action on March 24, 2004. On October 19, 2004, plaintiff filed a motion for summary judgment on Count I of its complaint, which this Court held in abeyance. Since the original filing of this lawsuit, the plaintiff's complaint has been amended several times, with the fourth and final Amended Complaint being filed on March 14, 2005. In its March 31, 2005, order, this Court allowed the parties to file cross-motions for partial summary judgment with regard to Count I of the complaint. Defendant now requests that this Court grant summary judgment in our favor on Count I of plaintiff's complaint.

III. Statement Of Facts:

On February 16, 2001, the Government issued Solicitation Number F48608-01-R-0001 for a request for proposals for a roofing contract at F.E. Warren Air Force Base ("AFB"), which was subsequently awarded to M.G. Construction in award number F48608-01-D008. Joint Stipulations Of Uncontroverted Fact ("JSUF") ¶1. The contract describes a Built-Up Roofing System as a "[f]our ply asphalt membrane system with insulation, and aggregate surfacing." Pl.'s App. at 42. Removal of a built-up roof system ("BURS") requires the removal of roof aggregate, as well as roofing membrane and insulation. JSUF ¶ 5. Under Contract Line Item Number ("CLIN") 0001AC, M.G. Construction bid that it would remove a BURS at $.80 per square foot. JSUF ¶ 8. At times, the Government requested less than full Built-Up Roofing System replacement; i.e., it only requested partial roof replacement or the replacement of roof components short of demolishing an entire roof. Pl.'s App. at 70-89. Accordingly, M.G.

Construction also bid that, for different amounts, it would remove and replace various parts of the roof short of total BURS removal, including aggregate surfacing, insulation, flashing, sealant, and vents, under other CLINS. Pl.'s App. at 3.

The Contract specified that "[t]he Government will identify work to be accomplished by the Delivery Order method." JSUF ¶ 10. When the Government sought the removal of all of a section of a BURS roof, it was contracted for under CLIN 0001AC. However, the removal of roof components, when that was all that was required, were contracted for with the component's CLIN. See Pl.'s App. at 82 (CLIN 0001AD contracted for when a partial removal was requested). None of the Government Deliver Orders requested that M.G. Construction only perform aggregate removal pursuant to CLIN 0001AA. JSUF ¶ 10; Pl.'s App. at 70-89.

SUMMARY OF THE ARGUMENT

The issue here concerns whether M.G. Construction is entitled to be paid for aggregate surfacing removal under the terms of Contract Line Item Number ("CLIN") 0001AA or of CLIN 0001AC of Contract Number F48608-01-D-0008. Pursuant to the terms of its contract, M.G. Construction is not entitled to payment for removal of aggregate pursuant to CLIN 0001AA, a line item which the Government never exercised. It is undisputed that roof aggregate is part of built-up roof removal. It is further undisputed that M.G. Construction bid that it would remove would remove a built-up roof system under CLIN 0001 AC at $.80 per square foot. It is similarly undisputed that, under the terms of the contract, the Government would assign work for which it would pay M.G. Construction by issuing delivery orders for certain CLINs. Finally, it is undisputed that the Government did not issue a separate delivery order for the CLIN 0001AA for which M.G. Construction now demands payment under Count I of its complaint. For these

reasons, this Court should enter partial summary judgment in the Government's favor on Count I of M.G. Construction's complaint.

## ARGUMENT

### I. Summary Judgment Is Appropriate When No Material Facts Are Disputed

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Forman v. United States, 329 F.3d 837, 841 (Fed. Cir. 2003) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986)). "The focus in determining whether summary judgment is appropriate is the lack of disputed material facts. A material fact has been defined as a fact that will make a difference in the outcome of a case." Curtis v. United States, 144 Ct. Cl. 194, 199, 168 F. Supp. 213, 216 (1958), cert. denied 361 U.S. 843 (1959). Stated differently, disputes over facts that would affect the outcome of a claim or defense will properly prevent summary judgment. See Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-movant. Ambase Corp. v. United States, 58 Fed. Cl. 32, 40 (2003) (citing Anderson, 477 U.S. at 255). The proper interpretation of a contract provision, and the question whether a contract provision is ambiguous, are questions of law. See, e.g., Grumman Data Systems Corp. v. Dalton, 88 F.3d 990, 997 (Fed. Cir. 1996).

### II. The Government Only Issued Delivery Orders For The BURS Removal CLIN, And Was Therefore Only Obligated To Pay At The Rate That M.G. Construction Had Bid For That CLIN

M.G. Construction is not entitled to be paid under CLIN 0001AA because the Government never issued a delivery order for that CLIN. The issue here concerns whether M.G. Construction is entitled to be paid for aggregate surfacing removal under the terms of Contract

Line Item Number ("CLIN") 0001AA or of CLIN 0001AC. It is undisputed that roof aggregate removal is part of built-up roof removal. JSUF ¶ 5. Indeed, BURS removal cannot be accomplished without removing the roof aggregate. Id. It is similarly undisputed that, under the terms of the contract, the Government would assign work by issuing delivery orders for certain CLINs and that M.G. Construction would then be paid for performing work pursuant to the CLINs. Id. ¶ 10. It is not disputed that the Government ordered M.G. Construction to perform work pursuant to CLIN 0001AC, which included aggregate removal in conjunction with full BURS removal. It is undisputed that the Government did not issue a separate delivery order for the CLIN 0001AA. Id. ¶ 10. M.G. Construction is thus not entitled to separate payment for work that is already compensated for under CLIN 0001AC since the Government never issued a delivery order for CLIN 0001AA.

## III. The Fact That An Assigned Task Included Responsibilities Also Described By An Unassigned CLIN Did Not Mean That The Government Was Obligated To Make Payment Pursuant To The Unassigned CLIN

The fact that a broader CLIN necessitated work described by a more narrowly-defined CLIN does not mean that M.G. Construction is entitled to be paid under the more narrowly-defined CLIN. It was never assigned work under the narrowly-defined CLIN, and it received payment for performing the broader CLIN. M.G. Construction believes that the fact that built-up roof system removal included the removal of roofing aggregate, entitles it to payment under the aggregate removal CLIN 0001AA as well as payment for the built-up roof system removal CLIN 0001AC. However, the parties agree that work was assigned using delivery orders listing work assigned with the agreed upon rate of payment. JSUF ¶ 10. Indeed, Paragraph D of the Description of Bid Items instructed the contractor to "[r]efer to the Bid Schedule provided by the

Government for actual breakdown of Bid Items." Pl.'s App. at 16.

No reasonable contractor would have assumed that its agreement to undertake built-up roof system removal (at a price they had set) would not include the removal of the roof aggregate that was required as simply the first step in roofing removal. JSUF ¶ 5. The contract clauses required M.G. Construction to, in effect, take all necessary actions to complete an assigned CLIN. The contract states, with regard to CLIN bid items that, "[t]he description of each item is a 'scope description,' incomplete and abbreviated, and does not detail the full range of materials and processes necessary to complete the required work." Id. at 15. Furthermore, Paragraph C of Description of Bid Items stated that, "[d]emolition items [ ] include associated clean up and surface preparation/cleaning to support succeeding material installation." Id. at 16. Thus, when M.G. Construction undertook built-up roof system removal, it assumed the responsibility for all tasks that such removal required and it cannot now demand payment for removing roof aggregate after having received its agreed-upon payment for removal of the entire roof.

## CONCLUSION

For the foregoing reasons, we request that this Court grant summary judgment in our favor with regard to Count I of the plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA

Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

April 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2005, a copy of the foregoing DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt