IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M.G. CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply brief in support of its motion for partial summary judgment. In support of this motion, we rely upon our opening brief, the parties' Joint Statement Of Issues Of Law ("JSIL") and Joint Stipulations Of Uncontroverted Fact ("JSUF"), and the following reply brief.

The parties stipulate that the only issue with regard to Count I of M.G. Construction's complaint is whether M.G. Construction is entitled to be paid for aggregate surfacing removal under the terms of Contract Line Item Number ("CLIN") 0001AA in addition to CLIN 0001AC of this contract. JSIL. In our opening brief, we demonstrated that it is undisputed that the Government never issued a Delivery Order for CLIN 0001AA (removal of aggregate surfacing) but only issued Delivery Orders for the built-up roof system removal CLIN 0001AC. Def.'s Br. at 4-5.[1] We further demonstrated that it is undisputed that removal of a built-up roof system required the removal of roof aggregate and that the contract obligated the contractor to complete all work necessary to finish a job ordered under a given CLIN. Id. at 5-6. Therefore, M.G.

[1]"Def.'s Br." refers to the brief in support of Defendant's Motion For Partial Summary Judgment that we filed in this action on April 22, 2005.

Construction was not entitled to be paid for removing roof aggregate in addition to payment for removing the roof of which the aggregate was part.

M.G. Construction's argument that it should be paid for a CLIN that the Government never included in any Delivery Order ignores the fact that it is seeking double payment for the same work. M.G. Construction focuses upon the Government's establishment of the bid schedule with a CLIN listing aggregate surfacing removal as its own line item and that BURS removal requires the removal of roof aggregate. Pl.'s Br. at 5-10.[2] However, M.G. Construction ignores the fact that the bid schedule also included CLIN's for removal of other roof components that had to be removed when dismantling a built-up roof system, e.g. removal of vapor barrier (CLIN 0001AH), for which M.G. Construction has not demanded separate payment. By seeking payment for one included task of roof removal but not claiming it for other tasks that it undoubtedly had to perform as part of roof removal, M.G. Construction undermines the argument that built-up roof system removal only included insulation and membrane plys.

In addition, M.G. Construction's proffered interpretation of the bid schedule ignores the enormous disparity between the amount of roof aggregate (200 sq. feet) to be removed under CLIN 0001AA and the amount of BURS (23,000 sq. feet) to be removed under CLIN 0001AC. Given that the CLIN for removal of the built-up roof system was estimated at a size more than 100 times larger than the CLIN for aggregate removal alone, it was unreasonable for the contractor to submit a bid based upon any interpretation other than that the aggregate removal CLIN was to have been employed more sparingly for spot removal of roof aggregate, rather than

[2]"Pl.'s Br." refers to Plaintiff's Memorandum In Support Of Summary Judgment filed in this action on April 22, 2005.

used in conjunction with the Government-ordered BURS removal CLIN. Even if this were M.G. Construction's interpretation at the time of their bid, their failure to confirm their hope that they would be paid for CLIN 0001AA when only CLIN 0001AC was ordered ignores that it was their obligation to confirm what CLIN they were working under when they started to remove thousands of square feet of roof aggregate as part of BURS removal. M.G. Construction relies upon Turner Constr. Co., Inc. v. United States, for the proposition that, in weighing opposing *reasonable* constructions, this Court should interpret the contract against the United States. Pl.'s Br. at 3. However, the plaintiff ignores the fact that, even the Turner decision acknowledged the basic principle that a problem in contract interpretation can be so readily apparent as to give rise to "an obligation on the contractor to inquire as to [the contract provision in question] before entering into the contract." 367 F.3d 1319, 1321 (Fed. Cir. 2004). The fact that M.G. Construction was told from the outset that work done pursuant to CLIN 0001AA would only encompass approximately 200 square feet demonstrates that their claim for compensation pursuant to the same un-ordered CLIN for tens of thousands of square feet is untenable.

M.G. Construction argues that Section 7510 is not applicable, even though we did not mention that section of the specifications in our brief. Pl.'s Br. at 10. Presumably, M.G. Construction was seeking to dispel an argument that language in that section, cited in JSUF ¶ 9, showed that roof aggregate was part of a built-up roof system. However, M.G. Construction has acknowledged that "a 'built up roof' . . . consists of multiple layers, including, from bottom to top, a layer of vapor barrier, a layer of insulation, a layer of roof membrane plys, and a layer of aggregate surfacing." Pl.'s Br. at 1-2. There is no dispute that roof aggregate is part of a built-up roof system, although M.G. Construction now wants to be paid for removing roof aggregate after

having already been paid for roof removal.

M.G. Construction further argues that the parenthetic clarification of the BURS in CLIN 0001AC to describe "5-ply" membrane and "2" Mopped" insulation shows that insulation and membrane were not included as part of the built-up roof system, even though M.G. Construction acknowledged elsewhere that membrane and insulation were components of a BURS. Pl.'s Br. At 1, 11-12. M.G. Construction's argument undermines its point since the CLIN for BURS removal had to specify the type of insulation included in the roof (2 inch as opposed to the 4 inch insulation that also might be in a BURS). Pl.'s Br. App. at 000003. Moreover, this same interpretation would not explain why M.G. Construction never sought additional payment for other tasks necessary to BURS removal, e.g. vapor barrier removal, that are described by separate CLINs on the bid schedule. Finally, it still cannot negate the decisive fact that the Government only issued a Delivery Order for BURS removal under CLIN 0001AC,[3] not CLIN 0001AA, and that, under the terms of the contract that we examined in our opening brief, BURS removal obligated all tasks necessary to accomplish that CLIN, including removal of various roof components. Def.'s Br. at 5-6.

---

[3]M.G. Construction argues that the Delivery Orders "have no relevance to the parties' rights and responsibilities under the already formed contract." Pl.'s Br. at 11-12. However, the Delivery Orders were central because they defined the work to be done and the price to be paid. M.G. Construction wishes to be paid for a Delivery Order that was never issued when it has already been paid for performing the roof removal required by CLIN 0001AC, which the Government agreed to pay it to perform. M.G. Construction compares our logic to ordering "a ham sandwich and only [paying] for the bread" without paying "for the ham, cheese and condiment." Pl.'s Br. at 11. In fact, the Government ordered a complete "sandwich" (BURS removal) at a stated price and M.G. Construction wants to charge for the components of that sandwich that the Government never separately ordered.

CONCLUSION

For the reasons stated here and in our opening brief, we request that this Court grant summary judgment in our favor with regard to Count I of the plaintiff's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972
Attorneys for Defendant

May 6, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2005, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt