IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M G CONSTRUCTION, INC. | ) | |
| | ) | No. 04-cv-00473-MBH |
| Plaintiff, | ) | (Judge Horn) |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff MG Construction, Inc. ("MG"), pursuant to the order of the Court, hereby offers the following reply to Defendant's Motion for Partial Summary Judgment ("Motion").

**REPLY**

The arguments advanced by the Defendant do not make sense. To subscribe to Defendant's argument, the Court must ignore the plain language limiting BURS to the roof membrane plys; ignore that insulation, which apparently also is included in "BURS," is separately stated in the same contract line item number; ignore the fact that the government, in the statement of work accompanying each delivery order, also treated "BURS" as being uninclusive of every component of a built up roof system; ignore that each delivery order is expressly made subject to the line item list found in the Bid Schedule; and believe that a mere delivery order can modify or superceded the terms of an already established contract.

**A. Defendant fails to correctly quote CLIN # 0001AC.**

Initially, the manner that the Defendant describes Contract Line Item Number ("CLIN") # 0001AC purposely omits over 3/4 of the correct information. MG did not "bid that it would remove a BURS at $.80 per square foot ("SF")." *See* Defendant's Motion, p.2. MG bid $.80

per SF to "Remove BURS (5-ply max) & 2" Insulation (2"Mopped)." *See* Appendix, p.3 (citing the CLIN in full). The full quotation of CLIN #0001AC shows that Defendant's expansive definition of "BURS" is patently unreasonable. As predicted, Defendant argues that the "BURS" language found in CLIN # 0001AC is all inclusive. *See* Defendant's Motion, p.2 ("[f]our ply asphalt membrane system with insulation, and aggregate surfacing"). If "BURS" includes insulation, then why is insulation separately stated in the same CLIN? The answer is quite simple, insulation is not included within "BURS" as it is utilized in the demolition portion of the Bid Schedule. The "BURS" found in CLIN #0001AC is expressly limited to the plys of roofing membrane. *See* Appendix, p.3 ("(5-ply max)"). This is why the insulation is separately stated in the same CLIN. The CLIN does not read "Remove BURS (5-ply max) (2" Mopped)." Just like the separately stated insulation, the aggregate surfacing removal is also separately stated in the government supplied Bid Schedule. *See* Appendix, p.3 (CLIN # 0001AA). The same Bid Schedule that the government repeatedly told MG to refer to for a breakdown of the demolition items.

**B. The Delivery Orders cannot modify the terms of the Contract, are made expressly subject to the line item list of the Bid Schedule, and consistently treat "BURS" as being less than all inclusive regarding demolition.**

Defendant repeatedly argues that since the delivery orders did not include CLIN # 0001AA, the government does not have to pay for any aggregate removal. Defendant argues that "the Delivery Orders were central because they defined the work to be done and the price to be paid." Defendant's Reply, p.4, n.3. It appears that Defendant is arguing that the DOs can operate to modify the written terms of the already established Contract, including the written terms for unit price found upon the Bid Schedule. If the government had placed a higher price

upon the DO, would the government pay that higher price or would it say that the price was a mistake and the prices found upon the Bid Schedule in the Contract control. The later would occur because the Defendant knows that the Contract controls, not the DOs. The Contract defines the rights and responsibilities of the parties, not the DOs.

In addition, each DO is made subject to the line item list found in the Bid Schedule. Each DO came with a statement of work. Each DO statement of work made all the work performed subject to the line item list of the Bid Schedule. For example, for DO 5006, the statement of work stated:

> 5. All roofing and related work shall be performed in accordance with the specifications of the requirements contract, any attached drawings, <u>and the line item list</u>.

Appendix, p. 81 (emphasis added). Each DO statement of work indicates that the work is subject to the line item list found in the Bid Schedule. Therefore, it is the Contract that controls, not the DOs.

In addition, the DO work statements also demonstrate that "BURS" was not all inclusive of surface aggregate, roof membrane plys, insulation and vapor barrier. For example, quoting from the same DO:

> 2. <u>Building 1200</u> requires complete roof replacement. The Contractor shall completely remove and dispose of <u>existing BURS, foam and insulation underlayment</u> to the decking and install a new fully adhered EPDM roof system including insulation.

Appendix, p.81 (emphasis added). Again, the government separated the individual components (foam, insulation) from "BURS." If the government wanted "BURS" to be all inclusive, it should have treated it as all inclusive and should not have expressly limited it to the plys, and should not have separated out the individual components in its own Bid Schedule and DO

statements of work.

The simple fact is that the government ordered MG to remove the existing roofs. The surface aggregate, whether or not it is included upon the DOs, had to be removed to accomplish the end result ordered by the government. The Bid Schedule breakdown created by the government clearly limits "BURS" to the roof membrane plys, and treats the other components of a built up roof as separate payable items, including within the same CLIN that the government now argues included every component in a built up roof. Defendant's argument just does not make sense under the plain language of the Contract.

**C. Defendant's invitation to assert additional claim.**

Perhaps the most surprising argument advanced by Defendant is that "BURS" must be all inclusive because MG has not asserted a claim for the vapor barrier, which also has its own CLIN. MG thanks the Defendant for pointing out this omission and is contemplating drafting a request for equitable adjustment for this item. With that being said, the absence of a claim for vapor barrier has no bearing upon whether or not the plain language of the Contract requires that the aggregate surfacing removal be paid for under CLIN # 0001AA or 0001AC. The mere fact that Defendant advanced such a specious arguments demonstrates the tenuous position of Defendant's argument.

## CONCLUSION

In the Contract, in the context of demolition, the government consistently utilized "BURS" is such a manner that it was not all inclusive of every part of a built up roof system. In the demolition section of the Bid Schedule, the government limited it by parenthetical to the roof membranes plys, even addressing individual components, which it now claims to be included, in

the same CLIN. The DOs cannot modify or override the clear language of the Contract, and in fact are made subject to the line item list of the Bid Schedule and also treat "BURS" as not being all inclusive of every component of a built up roof. The government ordered that the existing roofs be demolished, but has refused to pay MG for the agreed upon amounts for that work in the Bid Schedule. Under the plain language of the Contract, MG is entitled to $1.50 per SF for each SF of aggregate surfacing removed. MG respectfully requests that the Court grant summary judgment in its favor and deny Defendant summary judgment.

DATED this 6th day of May, 2004.

"s/Joseph A. Yazbeck, Jr."
Joseph A. Yazbeck, Jr.
YAZBECK, CLORAN & HANSON, LLC
1300 SW 5th Av.
Suite 2750
Portland, Oregon 97201
(503) 227-1428
Attorney of Record for Plaintiff