IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M G CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-00473 |
| vs. | ) | |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JOINT STIPULATIONS OF UNCONTROVERTED FACT

Pursuant to this Court's June 13, 2005, written order and the oral June 30, 2005, order, the parties submit the following supplemented Joint Stipulations of Uncontroverted Fact.

1. The United States, by and through the United States Air Force, issued Solicitation Number F48608-01-R-001 for Project Number GHLN 01-1004, known as the Roof Requirements Contract for the Air Force Space Command at the F.E. Warren Air Force Base, Wyoming. App. 4-63. The Contract was to be a set-aside for 8A minority contractors.

2. Regarding "SCOPE," the solicitation required bidders to "[p]rovide all labor, means, operations, materials, sales tax, accessories and incidentals necessary for performing all operations required for repairing or replacing existing roofing on various base buildings...." App. 8 (1.1 SCOPE A). Regarding scope, the solicitation also instructed the bidder to "[r]efer to Bid Schedule as furnished by the Base Contracting Office for breakdown of bid items." App. 8 (1.1 SCOPE C).

3. Regarding "STATEMENT OF WORK," the contract informed the bidder that:

[t]he work will be performed on non-housing type buildings, such as dormitories,

administrative facilities, and industrial buildings, and Military Family Housing units. The work to be performed shall consist of, but is not necessarily limited to, the following principal features:

A. Demolition and removal of existing roofing.

[...]

H. Related or incidental work which is manifestly necessary or customary to finish the project and provide a complete installation.

App. 8 (GENERAL REQUIREMENTS, 1.2 STATEMENT OF WORK).

4. Regarding "DESCRIPTION OF BID ITEMS," the solicitation required the bidder to "[p]rovide a proposal for each of the Bid Items described in the Bid Schedule." App. 18 (GENERAL REQUIREMENTS, 1.38 DESCRIPTION OF BID ITEMS, A). The solicitation informed that "[t]he description for each [bid] item is a 'scope description', incomplete and abbreviated, and does not detail the full range of materials and processes needed to complete the required work." App. 18 at A. Specifically regarding demolition, the solicitation informed that "[a]ll demolition items shall include all industry standard safety and work practices, proper tools, enclosed chutes, dust control, dumpsters, legal disposal of wastes, etc. [...] [d]emolition items to include associated clean up and preparation / cleaning to support succeeding material installation." Id. at C. Once again, the bidder was instructed to "[r]efer to the Bid Schedule provided by the Government for actual breakdown of Bid Items." Id. at D.

5. The solicitation required bidders to complete "Part I - The Schedule, Section B, Supplies or Services and Prices/Costs." The Schedule required bidders to provide a "UNIT PRICE" per "SF" (square foot) for the Contract Line Items ("CLIN") "Remove Aggregate Surfacing." On the Schedule, the United States estimated the quantity of aggregate surfacing that might need to be removed at "200" SF and included such a figure in CLIN

0001AA. App. 1-2, ¶ 3; 3.

6. For contract line item number 0001AA "Remove Aggregate Surfacing," M. G. Construction bid $1.50 per SF. App. 1-2; 3 ¶ 4.

7. The Contract Bidding Schedule called for M.G. Construction to propose prices for other demolition tasks that included "Remove Underlayment/ Vapor Barrier" (CLIN # 0001AH), "Remove Rigid Insulation (2" thick)" (CLIN # 0001AF), and "Remove Metal Fascia/Flashing" (CLIN # 0001AJ). For CLIN # 0001AC, "Remove BURS (5-ply max) & 2" Insulation (2" Mopped)" M.G. Construction bid $.80 per square foot. The estimated quantity for this CLIN was 23,333 square feet. App. 3.

8. Section 07510 of the Contract, the specification for the installation of "Built-Up Roofing Systems," included: "assembly of components consisting of the underlayment and insulation as applicable, and roofing membrane, final surfacing, bituminous and metal flashings, and all related parts necessary to complete the assembly." Also in Section 07510, under "System Description" it described a Built-Up Roofing System as a "four ply asphalt membrane system with insulation, and aggregate surfacing." App. 35. Also in Section 07510, in describing the construction of a roofing system, the contract specified that, "[t]he entire roofing system, excluding aggregate surfacing, shall be finished in one operation . . . ." Id. 39. Further on in Section 07510, the contract described the application of various parts of the roof, including a section for aggregate surfacing. Id. 41.

9. The Contract specified that "[t]he Government will identify work to be accomplished by the Delivery Order method." Id., pg. 6 of 59. Delivery orders placed against the Contract included CLIN 0001AC and did not include CLIN 0001AA. App. 64-83.

10. On June 29, 2001, the United States, by and through the United States Air Force, awarded M. G. Construction, Inc. the contract, numbered F48608-01-D-0008, to perform the roofing work at F.E. Warren Air Force Base. Complaint, ¶3; Answer, ¶3.

11. The Government did not issue any delivery orders for CLINS 0001AA, 0001AF, or 0001AH, and the Government has made no payment pursuant to these CLINS.

Plaintiff's Separate Representations of Fact

1. The only place in the contract where "BURS" is defined to include aggregate surfacing is in the installation specifications.

2. The language "BURS (5-ply max) & 2" Insulation (2" Mopped)" expressly limits the materials to be removed under CLIN 0001AC to the roof membranes and 2" of insulation.

3. There is no other CLIN that addresses the removal of just the membrane plys.

4. M.G. Construction, pursuant to the Government's repeated instructions that the Bid Schedule was a breakdown of bid items and the limiting language "BURS (5-ply max) & 2" Insulation (2" Mopped)", bid CLIN 0001AC for the removal of just membrane plys and 2" of insulation.

5. The amount of "BURS (5-ply max) & 2" Insulation (2" Mopped)" that the Government estimated being removed when seeking bids was 23,333 square feet. The amount of "Remove Aggregate Surfacing" that the Government estimated being removed when seeking bids was 200 sq. ft. The amount of "Remove Rigid Insulation (2" thick)" that

the Government estimated being removed when seeking bids was 167 squares (10'x10'). The amount of "Remove Rigid Insulation (4" thick)" that the Government estimated being removed when seeking bids was 167 squares (10'x10'). The amount of "Remove Underlayment/Vapor Barrier" that the Government estimated being removed when seeking bids was 22 squares (10'x10'). App. at 3.

6 In the years 2001 and 2002, M.G. Construction removed approximately 243,110 sq. ft. of aggregate surfacing and comparable amounts of membrane plys, insulation, and vapor barrier and was paid for all of the square footage solely under CLIN 0001AC "BURS (5-ply max) & 2" Insulation (2" Mopped)." Plaintiff was paid for additional insulation removal where it exceeded two inches under 0001AG Remove Rigid Insulation (4" thick). There was no delivery order for CLIN 0001AG.

7. Payment was to be done by calculating the square foot area multiplied by the bid price of the appropriate CLIN .

Defendant's Separate Representations of Fact

1. Plaintiff acknowledges that aggregate surfacing is a part of a BURS roof. Pl.'s Mot for S.J. at 1-2.

2. The Government's intent in listing CLINS for the removal of BURS components such as aggregate surfacing, both possible types of insulation, and vapor barrier was to provide for the spot removal of roof components short of complete roof demolition. For this reason, the pre-award estimates of the square footage of work that might be ordered pursuant to CLINS 0001AA, 0001AF, 0001AG and 0001AH were all less than 1 percent of the estimated total BURS removal that might be ordered.

3. Although M.G. Construction removed an amount of vapor barrier comparable to the amount of aggregate surfacing that was removed in demolishing the BURS, in the course of four amended complaints, it has not made any claim for payment pursuant to CLIN 0001AH. Pl.'s Reply Br. in Supp. of S.J. at 4.

4. When seeking bids, the Government estimated it might order removal of 23,333 square feet of "BURS (5-ply max) & 2" Insulation (2" Mopped)" as well as 200 sq. ft. of "Aggregate Surfacing", 167 squares (10' x 10') of "Rigid Insulation (2" thick), 167 squares (10' x 10') of "Rigid Insulation (4" thick)", and 22 squares (10' x 10') of "Underlayment/Vapor Barrier".

5. In the years 2001 and 2002, M.G. Construction removed approximately 243,110 sq. ft. of aggregate surfacing and comparable square footage of membrane plys, insulation, and vapor barries, and was paid for comparable square footage of work under CLIN 0001AC. On of the reasons for the difference between the pre-bid estimates and the amount of work ordered was the fact that many areas had double layers of BURS roofing.

6. Payment was calculated by multiplying the amount of work ordered multiplied by the bid price of the appropriate CLIN.

7. Plaintiff has not alleged that there were any promises or mutual understandings between the parties regarding their rights and obligations other than those contained in the contract and there were no other such additional promises or mutual understandings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Joseph A. Yazbeck
JOSEPH A. YAZBECK
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue
Portland, OR 97201-5617
Attorney for Plaintiff

s/James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Attorneys for Defendant

July 7, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2005, a copy of the foregoing JOINT STIPULATIONS OF UNCONTROVERTED FACT was field electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

s/ James D. Colt