# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *

M.G. CONSTRUCTION, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * *

**No. 04-473C**
**Filed: October 12, 2005**

## O R D E R

The court held a status conference in the above-captioned case on October 7, 2005, with the parties appearing by telephone. The parties are commended for their settlement efforts to date, and are encouraged to continue their attempts to resolve the remaining claims in the case. As previously established and discussed at the status conference, discovery closes **Thursday, October 20, 2005**, save for potential depositions of Miguel Garcia and/or Paula Garcia by the defendant.

In the event the parties fail to settle the remaining claims, the court **SCHEDULES** trial to begin **Monday, December 5, 2005, at 9:30 a.m.**, at a location to be determined by the court at a later time. The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC), as modified below, are due to be filed with the court on or before **Thursday, November 17, 2005, at 12:00 p.m. EST**. In accordance with the Rules of the United States Court of Federal Claims, the filings with the court are to include:

a. Witness List. Each party shall file a separate statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the party shall indicate the specific topics to be addressed in the expected testimony and the time needed for direct examination.

b. Joint Trial Exhibit List. The parties are to file a joint trial exhibit divided into five sections.

i. Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, or further, as needed;

ii. Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, or the number sequence to begin following the completion of the 100 or 1000 sequence of numbers utilized for the joint exhibits;

iii. Defendant's exhibits, to be numbered 200-299 or 2000-2999, or the number sequence to begin following the completion of the 100 or 1000 sequence of numbers utilized for the plaintiff's exhibits;

iv. Plaintiff's objections to defendant's exhibits, including the basis for each objection; and

v. Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits shall be brought to the trial by the parties with sufficient copies, including one for the witness, two for the court and the official copy to be submitted to the court reporter. The court's exhibits shall be brought to the trial, and not submitted to the clerk's office or to chambers. The exhibits shall be bound or in a loose leaf notebook with the pages sequentially numbered from the first exhibit to the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

c. Stipulations. The parties shall file a joint stipulation of facts and a joint stipulation of issues of law containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

d. Issues of Fact and Law. The parties shall file a joint statement setting forth the issues of fact and the issues of law to be resolved by the court. Issues should be set forth in sufficient detail to enable the court to resolve the case in its entirety by addressing each of the issues listed. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

e. Deposition Testimony. Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should therefore be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon

making the discovery.

A pretrial status conference is **SCHEDULED** for **Thursday, November 22, 2005, at 2:30 p.m.**, at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC 20005. Both parties may appear for the pretrial conference by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (503) 227-1428 and defendant's counsel at (202) 305-7576. The conference can only be canceled by the court, and will only be canceled if the case has been settled and dismissed.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**