IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M G CONSTRUCTION, INC. | ) | |
| | ) | No. 04-cv-00473-MBH |
| Plaintiff, | ) | (Judge Horn) |
| vs. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JUDGMENT**

The Court finds the following facts:

1. On or about June 29, 2001, the United States, by and through the United States Air Force ("USAF") and M.G. Construction, Inc. ("MG") entered into Contract No. F48608-01-D-0008 to perform roofing work at F.E. Warren Air Force Base.

2. MG submitted to the contracting officer certified claims modifications requesting an equitable adjustment.

3. The contracting officer denied MG's claims. Thereafter, MG filed this lawsuit alleging seven claims. MG's First Claim for Remove Aggregate Surfacing came before the Court via summary judgment. The Court granted summary judgment in favor of the USAF and against MG upon MG's First Claim for Remove Aggregate Surfacing.

4. The parties entered into negotiations to resolve amicably MG's Second Claim for 24 Gauge and Additional Flashing, Third Claim for Crickets, Fourth Claim for Wood Nailers, Fifth Claim for Special Shingles, Sixth Claim for Profit/Overhead/Bond, and Seventh Claim for Breach of Requirements Contract. MG offered to settle this case in accordance with the following terms:

(a) MG reserves the right to appeal the First Claim for Remove Aggregate Surfacing.

(b) The parties shall stipulate to entry of judgment against the United States, in favor of MG, in the amount of $35,000, inclusive of interest.

(c) Each party shall be responsible for its own costs, attorney fees and expenses incurred in this litigation.

5. Plaintiff's offer was accepted on behalf of the Attorney General.

6. Defendant consented to entry of judgment in favor of plaintiff in the amount of $35,000 inclusive of interest, with each party to bear its own costs, attorney fees, and expenses.

7. Upon entry of judgment, plaintiff releases, waives and abandoned its Second, Third, Fourth, Fifth, Sixth and Seventh Claims ("Released Claims").

8. This settlement was in no way related to or concerned with income or other taxes for which plaintiff is now liable or may be liable in the future as a result of this agreement or as a result of the entry of a final judgment.

9. Plaintiff warranted and represented that no other action or suit with respect to the Released Claims is pending or will be filed in or submitted to any other court, administrative body, or legislative body, including but not limited to the General Accounting Office. Plaintiff further warranted and represented that it is the sole owner of the Released Claims, and that it has made no assignment or transfer of all or any part of its rights arising out of the present suit. Should there be now or in the future any violation of these warranties and representations, at the sole discretion of the United States, this agreement may be considered null and void, and all money paid pursuant to this agreement will be promptly refunded to the United States together

with interest at the rate provided by 41 U.S.C. § 611, computed from the date of the first violation of this agreement.

10. This agreement is entered into solely for the purpose of this case only, and for no other, and this agreement shall not be cited or otherwise referred to, in any other proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as necessary to effectuate the terms of this agreement.

Respectfully submitted,

______________________________

JOSEPH A. YAZBECK
Yazbeck, Cloran & Hanson, LLC
1300 S.W. Fifth Avenue
Portland, OR 97201-5617
Attorney for Plaintiff

January 17, 2007